USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, and THE CARPENTER
CONTRACTOR ALLIANCE OF METROPOLITAN
NEW YORK,

                 Petitioners,

    -v-

MINT MAINTENANCE LLC,

                 Respondent.
-------------------------------------------------------------------X

25-cv-3443 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds"), Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"), and The Carpenters Contractor Alliance of Metropolitan New York ("CCA" and with the ERISA Funds and the Charity Fund, the "Funds" or "Petitioners") petition this Court, pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to confirm an arbitral award entered against Respondent Mint Maintenance LLC ("Respondent"). *See* Dkt. No. 1 ("Petition"). The Petition is unopposed. For the following reasons, the Petition is granted and the Award is confirmed.

## BACKGROUND

The following facts are undisputed.

Respondent is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of Section 501 of LMRA, 29 U.S.C. § 142. Dkt. No. 1 ¶ 7. It performed work on one job for one day at the Barclays Center in Brooklyn, New York. *Id.* ¶ 8. It is party to a Project Agreement which bound it to the Independent Building Construction Agreement ("CBA") with the New York City District Council of Carpenters (the "Union") for the job at the Barclays Center. *Id.* ¶ 9.

Petitioners are established jointly trusteed employee benefit funds. *Id.* ¶ 10. The CBA required Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographic jurisdiction of the Union. *Id.* ¶ 11. The Project Agreement and the CBA bound Respondent to the policies, rules, and regulations adopted by the Funds. *Id.* ¶ 12. The Collection Policy established by the Trustees of the Funds empowers outside accounting firms engaged by the Funds to periodically review and/or audit the books and records of the employers bound to contribute to the Funds. *Id.* ¶ 16. If an employer refuses to comply with the CBA's audit procedures, the Funds have a right to determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period. *Id.* ¶ 17. The Collection Policy and the documents and instruments governing the Funds provide for the resolution of disputes by arbitration. *Id.* ¶ 14. The CBA and Collection Policy further provide that, should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid

2

contributions at the prime rate plus 2%; (2) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorneys' fees incurred by the Funds for all time spent in collection efforts. *Id.* ¶ 18. The Collection Policy further provides that if a matter proceeds to arbitration or litigation, the employer will be additionally responsible for damages, including attorneys' fees and "the entire cost of a payroll review and/or audit." *Id.* ¶ 19.

Petitioners attempted to conduct an audit covering a time period commencing June 23, 2023. *Id.* ¶ 20; Dkt. No. 1-8. However, Respondent did not comply with the audit. Dkt. No. 1 ¶ 21. The Funds then conducted an estimated audit pursuant to the Collection Policy, which revealed that Respondent failed to remit contributions to the Funds in the principal amount of $5,397.67. *Id.* ¶ 22. Petitioners instituted an arbitration before arbitrator Jeffrey G. Stein. *Id.* ¶ 23. On December 12, 2024, the arbitrator held a hearing and rendered his award (the "Award"). *Id.* ¶ 24. The Award finds Respondent liable for the estimated amount of $5,397.67 plus interest calculated through the hearing date, liquidated damages, cost of the suit, attorneys' fees, and the fee of the arbitrator, in the total amount of $9,796.94. Dkt. No. 1-10 at 6. The arbitrator awarded that amount "with interest to accrue at the annual rate of 10.5% from the date of this award." *Id.* at 7. The arbitrator also ordered Respondent to comply with the terms of the CBA by producing books and records for the Audit to proceed. *Id.* at 6.

## PROCEDURAL HISTORY

Petitioners filed this Petition on April 25, 2025. Dkt. No. 1. They filed a memorandum of law in support of the Petition on the same day. Dkt. No. 5. On April 29, 2025, the Court issued an order directing Respondent to inform the Court no later than twenty-one days after proof of service was filed on the docket whether it intended to oppose the Petition. Dkt. No. 8. Petitioners

served that order on Respondent on May 6, 2025, by first class mail and electronic mail at its last known place of business. Dkt. No. 9; *see* Dkt. No. 1 ¶ 7. On May 29, 2025, Petitioners served the Petition on Respondent. Dkt. No. 10. Respondent has not filed a response to the Petition. On July 22, 2025, Petitioner wrote a letter to the Court requesting that the Petition be reviewed as an unopposed motion to confirm the Award. Dkt. No. 11. Petitioners also requested that the Court award them $323.85 for the costs of service, attaching copies of the service invoices as proof of cost. *Id.*

## DISCUSSION

The Second Circuit has held that an uncontested petition to confirm an arbitral award should be treated "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* (emphasis omitted).

The burden on the party who seeks to confirm a labor arbitration arbitral award entered pursuant to a collective bargaining agreement is not onerous. The court's review of "a labor arbitration award is 'narrowly circumscribed and highly deferential.'" *ABM Indus. Groups, LLC v. Int'l Union of Operating Engineers, Loc. 30, 30A, 30B, AFl-CIO*, 968 F.3d 158, 161 (2d Cir. 2020) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016)); *see Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504,

509 (2001) ("Judicial review of a labor-arbitration decision pursuant to such a [collective-bargaining] agreement is very limited."). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Id.* (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). The Court inquires "only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *ABM Industry Grps, LLC*, 968 F.3d at 161 (quoting *Nat'l Football League*, 820 F.3d at 536); *see Riverbay Corp. v. Serv. Emps. Int'l Union, Loc. 32BJ*, 2023 WL 3738984, at *4 (S.D.N.Y. May 31, 2023).

The Court has examined the Petition and the supporting materials. They satisfy the conditions for confirmation. The Court has subject matter jurisdiction over this action pursuant to LMRA Section 301, 29 U.S.C. § 185. *See Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred [and] a substantial part of property that is the subject of the action is situated" in this District. 28 U.S.C. § 1391(b)(2). The hearing took place in New York, New York. Dkt. No. 1-9; *see D.H. Blair*, 462 F.3d at 105 ("[T]he FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute."). The Court has personal jurisdiction over Respondent, which is asserted to be organized under the law of New York State and has its last known place of business in New York. Dkt. No. 1 ¶ 7. The arbitrator had the authority to make the Award under the Collection Policy and the CBA. Dkt. No. 1 ¶¶ 14–15; Dkt. No. 1-7 § IV(10), (12), § VI.

Petitioners also seek attorneys' fees and costs. The CBA and Collection Policy entitle Petitioners to recover their reasonable attorneys' fees and costs. Dkt. No. 1-2 Art XV, § 6(a)(4); Dkt. No. 1-7 § V(6) ("Attorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts or in enforcing the Board of Trustees' rights to payroll reviews and/or audits"). In addition, "[c]ourts 'have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'" *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) (quoting *Abondolo v. H. & M.S. Meat Corp.*, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases)). Petitioners seek $1,504.70 in attorneys' fees for 4.7 hours of work at a rate of $325 an hour for the associate on the matter and $430 per hour for the partner. Petitioners have billed the legal assistant at a rate of $163 an hour. Dkt. No. 1-12.[1] Those fees are reasonable. *See Trs. of the Dist. Council No. 9 Painting Indus. Ins. Fund v. Adel Fia Contracting Corp.*, 2022 WL 1720459, at *2 (S.D.N.Y. May 27, 2022). The service costs of $323.85 are supported by invoices. Dkt. No. 11-1. The arbitrator also awarded prejudgment interest at the rate of 10.5% per annum from the date of the Award to the date of judgment. Dkt. No. 1-10 at 7.

## CONCLUSION

For the foregoing reasons, the Petition is GRANTED and the Award is CONFIRMED. The Clerk of Court is directed to enter judgment is favor of Petitioners and against Respondent as follows:

1. Confirming the Award in all respects;

---

[1] The partner billed only four-tenths of an hour. Dkt. No. 1-12.

6

2. Awarding Petitioners $9,796.94, plus interest from December 12, 2024, the date of the Award, at an annual rate of 10.5% pursuant to the Award;

3. Awarding Petitioner $323.85 in costs arising from this proceeding;

4. Awarding Petitioner $1,504.70 in attorneys' fees arising out of this proceeding; and

5. Awarding Petitioners post-judgment interest at the statutory rate.

The Clerk of Court is respectfully directed to close the action.

    SO ORDERED.

Dated: July 24, 2025

New York, New York

                                  LEWIS J. LIMAN
                                  United States District Judge